CALVIN H. PEEPLES et al. *v.* M. HORTON et al.

1. MARSHALLING ASSETS : NOT ENFORCED BETWEEN CO-LEGATEES WHERE LEGACY OF ONE HAS BEEN TAKEN BY TITLE PARAMOUNT TO TITLE OF TESTATOR.—The doctrine of marshalling assets does not apply to a case between specific legatees under a will where all the property bequeathed to them is subject to an incumbrance paramount to the title of the testator, and the property bequeathed to one of the legatees has alone been seized to satisfy the incumbrance.

2. SAME : CASE IN JUDGMENT : CONTRIBUTION BETWEEN CO-LEGATEES.— A died, giving all his estate to B, who afterwards died, leaving specific legacies of the personalty so bequeathed to him to several legatees. Afterwards a judgment was rendered against the administrator of A, which was wholly satisfied by a levy on the property bequeathed to one of the legatees :—*Held*, that he was not entitled to contribution from his co-legatees, whose legacies were equally with his liable to the satisfaction of the judgment.   In such a case the creditor has the right to levy his execution on any part of the property, and if he levy solely on the legacy of one it is a misfortune for which the legatee has no remedy against his co-legatees.

3. SAME : WHEN CO-LEGATEES ENTITLED TO CONTRIBUTION AGAINST EACH OTHER.—Where one of several specific legatees has been compelled to pay the whole of a debt due by the testator, he will not be entitled to contribution against his co-legatees who have received their legacies, if the estate be solvent independent of their legacies, nor in case it become insolvent by the *devastavit* of the executor.

APPEAL from the Chancery Court of Holmes county.   Hon. E. G. Henry, chancellor.

It appears from the bill, amended bill, and exhibits, that Wiley Y. Grinstead died, leaving a will by which he bequeathed and devised all his estate of whatever description to his widow Martha Grinstead, and that he appointed her and Collins F. Hemingway executrix and executor of his will; that Mrs. Martha Grinstead afterwards died, and Collins F. Hemingway having removed from the State, M. Horton was appointed administrator *de bonis non* with the will annexed of the said Wiley, and that a judgment was recovered against him as such for about eighteen thousand dollars.

That Martha Grinstead by her will gave complainants twelve slaves, and made other special legacies of slaves to the defend-

ants; that all these slaves were derived from the estate of Wiley Y. Grinstead, and were then in the hands of the legal representatives of said Martha, there never having been any delivery of them to the legatees. That execution on this judgment was levied on eight of the slaves bequeathed to complainants; it was not levied on but one or two of the slaves bequeathed to defendants, and that complainants had thus been compelled to pay largely more than their due share of said debt. Complainants' slaves were sold to the amount of about ten thousand dollars under said execution.

The bill also alleges that said Martha Grinstead, the testatrix of complainants, illegally removed and disposed of thirteen of the slaves bequeathed to her by her husband, and invested the proceeds of the sale in other slaves. That this was done by the advice of defendant, Collins F. Hemingway, with the view to put them out of the reach of the debts of said Wiley Grinstead; and that said Hemingway, believing that they were not liable, procured said Martha in her will to bequeath said slaves so procured to his children. The will of Martha Grinstead also gave money legacies to several parties.

It is not charged in the bill that there is a deficiency of assets in the hands of the administrators *de bonis non* of Wiley Grinstead, or a deficiency of assets of Martha Grinstead to pay said debt for which the slaves bequeathed to complainants were sold; nor does the bill allege any reason why the sheriff, in making the levy aforesaid, took their negroes and omitted to levy on but a small portion of the slaves bequeathed to the defendants. The prayer is for contribution from the co-legatees of complainants.

The defendants, who were the co-legatees of complainants under Martha Grinstead's will and the administrators *de bonis non* with the wills annexed of Wiley Y. and Martha Grinstead, demurred to the original and amended bills, and the demurrer was sustained and the bills dismissed, and complainants appealed.

*Anderson* and *Owen*, for appellants.

Martha Grinstead being executrix and sole legatee of her late husband, Wiley Y. Grinstead, all the property she derived from the estate of the said Wiley was subject to his debts; and the

judgment obtained by Jacob Foute, on the first of May, 1854, for the sum of $18,626.10, was a lien on all the property belonging to the estate of Wiley Y. Grinstead; and the fact that Martha Grinstead has possession of the same as executrix and legatee of the said Wiley, and had departed this life, leaving a will by which she bequeathed said property to her legatees, cannot alter or in anywise change the lien of the judgment of the said Foute on any of the property, nor can the nature of the legacies made by the said Martha, whether they be special or otherwise, in any way affect such lien, and should have been borne by all the legatees in proportion to their legacies. . But as the complainants in this bill were, by the fact that the sheriff happened to levy on eight of their negroes, and only on one each of the other legatees, and the property of some legatees left wholly untouched, that causing the complainants to bear far the larger portion of the burden of said debt, complainants seek by this bill to have the defendants to refund so as to produce an equilibrium in the payment of said judgment.

In what cases can one legatee oblige others to refund? Williams on Executors, 893, 894; 1 Story on Equity, 92. In case of a deficiency of general assets to pay debts, specific legacies, although not liable to abate with general legacies, must abate in proportion among themselves. Toller on Exors. 340.

On the same principles legatees in certain circumstances are bound to refund their legacies, or a rateable part of them. Toller, 341, 342. The whole estate of a deceased person is liable to the creditors. If for any cause one legatee pays more of the testator's debts than another, it is a question of contribution between him and the other legatees. This principle is decided in a case reported by Munford, vol. 1, p. 176.. Under certain circumstances specific legatees are bound to refund. See *Lupton* v. *Lupton*, 2 Johnson Ch. R. 623. Specific legatees are bound to contribute proportionably to the payment of the testator's debts, on failure of other assets. See *Snow* v. *Culloun*, Des. 542.

Was the judgment of Jacob Foute against the estate of Wiley Y. Grinstead a debt of Martha Grinstead, or chargeable to her estate or the property bequeathed by her to the complainants and defendants in this cause? Unquestionably the claim of

Calvin H. Peeples et al. *v.* M. Horton et al.

Jacob Foute against the estate of Wiley Y. Grinstead was a debt of Martha Grinstead as executrix of the said Wiley, and chargeable upon the assets of the said Wiley, both legal and equitable, that came into her hands. She being his sole legatee does not alter the case, but the whole estate was charged with this debt, and became a lien thereon when reduced to a judgment.

The death of Martha Grinstead, and her will bequeathing said property to legatees, either as general legacies or specific, as the case may be, could not nor does not in the least affect the lien, or change the nature of the debt controlled by Foute. But it remains a debt the property is chargeable with until paid, and must be proportionably paid by the legatees; or, if a larger portion is paid by one legatee than is equitable, the other legatees must refund so as to make each legatee bear an equal portion of said debt, in proportion to their legacy; which is the object of this bill, and the court below erred in dismissing the same.

*J. J. Hooker*, for appellees.

We insist that the decree of the Chancery Court in this case is correct. The object of this proceeding is not apparent from the bill and amended bill in this case. It appears from the record, however, that Martha Grinstead, the testatrix of complainants, was in her lifetime sole legatee of her deceased husband, Wiley Y. Grinstead, and also executrix of his will; that as such she fully administered his estate, paid off all his debts, except perhaps the one named in said bill, and had, prior to her death, appropriated a portion of his estate to her own use by selling some of the negroes and buying others. If she did this, leaving any of the debts of her testator unpaid, and not assets with which to pay the same, she and her securities would simply become liable on their bond to such creditor. This bill does not seek contribution from legatees to pay debts due by their testatrix, but to pay debts due by a third and different person altogether. The bill and amended bill do not charge that the residue or residuary of said estate is insufficient to reimburse said complainants. If they are entitled to any relief, it is first out of the residue of the estate. Ward on Legacies, p. 191, marg. p. 371.

Complainants do not show by their bills and exhibits that the general or monetary legacies in said "will" are insufficient with

which to reimburse them, even in case they should be entitled to contribution from the special legatees.    These allegations must be distinctly made before they can call upon special legatees to contribute.    1st, they must look to the residue for contribution; 2d, to the general or monetary legacies, both of which must be exhausted before abatement of a special legacy.    See Ward on Legacies, p. 9, 191, marg. p. 17, 371.

Special legatees may be required under certain circumstances to contribute the one to the other; but, precedent to such contribution, it must affirmatively appear that the debt was the debt of the testator or testatrix; that there are no assets in the hands of the executor with which to pay the same; that both the residuary of the estate and general or monetary legacies are exhausted or are insufficient to reimburse such legatee, without abating the special legacies.    These allegations are all wanting in the bill and amended bill of complainants in this case.

If Mrs. Martha Grinstead, the testatrix of complainants and defendants, as sole legatee and executrix of the estate of Wiley Y. Grinstead, sold any part of his estate without authority of law, that of itself did not make his creditors her creditors; their remedy was upon her official bond against her and her securities for *devastavit*.    A bill in equity to charge her estate with such debts could not be maintained.    The only question involved, however, in this case, is, have complainants, by their bill, stated such a case as would (even if all the allegations are true) entitle them to contribution from the other legatees?    We insist that they have not, and that the demurrer was properly sustained in the court below.

HANDY, J., delivered the opinion of the court:

The bill in this case appears to be insufficient in the following particulars:

1. The judgment under which the slaves held by the complainant were sold was against Wiley Y. Grinstead, and was paramount to the right of his widow to whom he bequeathed the slaves, held by the complainant, and which were left by her in her will to the complainant.    All his property was liable to the execution in the hands of his widow; and the execution creditor had the right to levy upon any part of it, regardless of the dis-

positions she had made of it in her will. If the execution was levied for the most part upon the slaves which she had bequeathed in her will to the complainant, it would not create any right in the complainant to call upon the other persons who might have received legacies under her will to contribute. All the legatees had separate and independent rights, and the legacy of each was alike liable to the execution, without priority or equitable exemption; and it was simply a misfortune that a judgment which was paramount to all their rights was levied of the slaves left to one of them, to the exemption of those left to others in the will of Mrs. Grinstead. The doctrine of marshalling assets is not applicable to such a case.

2. But if the judgment had been against Mrs. Grinstead and levied mostly upon the property of the complainant derived from her will, this bill could not be maintained for contribution against the other legatees. For if her estate was solvent, independent of the legacies left these parties, they were all entitled to the legacies they received, and are not liable one to another for contribution from their particular legacies, because the executor has committed a *devastavit* and not applied the assets in his hands to the payment of the debt of the estate. Under such circumstances, they would not have been liable at the instance of the executor to suffer an abatement of their respective legacies upon his demand upon them to pay the debt against the estate; but he would be liable for it as upon a *devastavit*. Toller on Exors. 341. And there is no precedent for the doctrine that, after payment in such a case, they would be accountable as between each other for contribution, after having paid the debt by means of their legacies.

But the bill does not allege that the estate of Mrs. Grinstead was insufficient to pay the debts, apart from the legacies left in her will to these parties. And if, under any circumstances, the bill could be maintained—as we think it could not be—it is very clear that there could be no pretence for maintaining it against the co-legatees of the complainant, without an allegation that there were not assets left by Wiley Y. Grinstead and by his widow sufficient to pay the debt, apart from the legacies left by the will of Mrs. Grinstead to these parties.

Decree affirmed.